# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **JESSIE LOBBINS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 3:15-cv-00618 |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | JUDGE CAMPBELL |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

Pending before the Court is Petitioner's Second Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 51), the Government's Response (Doc. No. 52), Petitioner's Reply (Doc. No. 55). For the reasons stated below, Petitioner's Motion will be denied.

### I.     Petitioner's Criminal Proceedings

The Petitioner was named in six counts of a 66-count Superseding Indictment charging multiple violent crimes in aid of racketeering, firearms offenses, and a drug conspiracy. (Doc. No. 245 in Case No. 3:09-00244). The charges primarily arose out of five separate, gang-related shootings, in which four victims were injured and two victims were killed. (*Id*.) The Petitioner's charges primarily related to the murder of Brandon Harris, and the assault of Maurice Boyd. (*Id*.)

In 2011, a jury convicted Petitioner of conspiracy to commit murder in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(5); murder in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(1); using or carrying a firearm during and in relation to a crime of violence causing death by murder, in violation of 18 U.S.C. § 924(c)(1)(A) and (j); possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); assault with a dangerous weapon and resulting in serious bodily injury in aid of racketeering activity, in violation

of 18 U.S.C. § 1959(a)(3); and tampering with a witness, in violation of 18 U.S.C. § 1512(a)(2)(A), (C). At the subsequent sentencing hearing, the Court sentenced the Petitioner to two consecutive life terms. (Doc. Nos. 847, 848 in Case No. 3:09-00244). Petitioner appealed, and the Sixth Circuit affirmed his convictions and sentence. (Doc. No. 951 in Case No. 3:09-00244).

Petitioner filed the original motion to vacate in this case on June 1, 2015. (Doc. No. 1). Judge [Todd] Campbell denied all of Petitioner's claims in a Memorandum and Order issued on December 4, 2015. (Doc. Nos. 11, 12). On appeal, the Sixth Circuit reversed as to Petitioner's claim that his counsel provided ineffective assistance by failing to object to the jury instructions for the witness-tampering count. *See Lobbins v. United States*, 900 F.3d 799 (6th Cir. 2018). Accordingly, Petitioner's conviction on Count 66 was vacated. (Doc. No. 976 in Case No. 3:09-00244).

On June 24, 2019, the Supreme Court issued its decision in *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319, 204 L.Ed.2d 757 (2019), holding the "residual clause" definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) unconstitutionally void for vagueness. On February 3, 2021, the Sixth Circuit granted Petitioner's request to file a second or successive motion to vacate under Section 2255 based on his claim that his conviction and life sentence for using or carrying a firearm during and in relation to a crime of violence causing death by murder should be vacated in light of *Davis*. (Doc. No. 37).

## II. Analysis

### A. Section 2255 Proceedings

Petitioner has brought this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that

2

Case 3:09-cr-00244   Document 1027   Filed 03/31/22   Page 2 of 6 PageID #: 6731

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). If a factual dispute arises in a Section 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray*, 721 F.3d at 761; *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Monea v. United States*, 914 F.3d 414, 422 (6th Cir. 2019) (citation omitted).

Having reviewed the record in Petitioner's underlying criminal case, as well as the filings in this case, the Court finds it unnecessary to hold an evidentiary hearing because disposition of Petitioner's claim does not require the resolution of any factual dispute.

**B. Petitioner's Claim**

Petitioner submits that the Court should vacate his §924(c) and (j) conviction in Count 60 because one of the predicate "crimes of violence" underlying that conviction – conspiracy to commit murder in aid of racketeering (also known as VICAR murder) – no longer qualifies as Section 924(c) predicate "crime of violence" in light of *Davis*. Petitioner argues that, even if VICAR murder is still a predicate "crime of violence," his conviction under Count 60 should be

3

vacated because the district court's instruction that conspiracy to commit VICAR murder could serve as a predicate for Count 60 was clearly erroneous under *Davis* and allowed for the jury to convict Petitioner based upon a misstatement of the law. (Doc. No. 51 at 6).

Even if the Court were to assume that conspiracy to commit VICAR no longer qualifies as a "crime of violence" in the aftermath of *Davis*, Petitioner's motion should be dismissed because the other predicate "crime of violence" underlying his Count 60 conviction – VICAR murder – still qualifies as a predicate "crime of violence" under Section 924(c)(3). *See Battle v. United States*, 2021 WL 1611917, at *8 (M.D. Tenn. Apr. 26, 2021); *Hall v. United States*, 2021 119638, at *10 (M.D. Tenn. Jan. 13, 2021).

With regard to the jury instruction, the weight of the case law indicates that a Section 924(c) and (j) conviction remains valid post-*Davis* where: (1) the charge was predicated on both a conspiracy charge and a substantive count that still qualifies as a "crime of violence," and (2) it is apparent that the jury found both predicates proven beyond a reasonable doubt. *See United States v. Eldridge*, 2 F.4th 27, 38–40 (2d Cir. 2021) (where the § 924(c) conviction was premised on a valid predicate (attempt to commit Hobbs Act robbery) and invalid predicates (kidnapping and conspiracy to commit robbery), the defendant did not meet his burden on the third prong of plain error review to show that his substantial rights were affected, given the strength of the evidence); *United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020) (armed bank robbery is a crime of violence under § 924(c), and it is irrelevant that the court instructed that either conspiracy or the substantive offense could be the predicate, as the jury convicted on both); *United States v. Cannon*, 987 F.3d 924, 948 (11th Cir. 2021) (where a § 924(c) charge was predicated on both a Hobbs Act conspiracy (an invalid predicate) and a cocaine conspiracy (a valid predicate), the error was harmless as "the trial record makes clear that the two predicate conspiracy crimes were so

4

Case 3:09-cr-00244   Document 1027   Filed 03/31/22   Page 4 of 6 PageID #: 6733

inextricably intertwined that no rational juror could have found that Cannon and Holton carried a firearm in relation to one predicate but not the other."); *United States v. Crawley*, 2 F.4th 257, 263 (4th Cir. 2021) ("a § 924(c) conviction based on one valid and one invalid predicate offense remains sound following Johnson and its progeny, and we extend that holding to cases in which the defendant pleads guilty to a § 924(c) offense expressly based on the valid and invalid predicate."); *Granda v. United States*, 990 F.3d 1272 (11th Cir. 2021) (defendant is not entitled to relief where a 924(o) offense was predicated on conspiracy to commit Hobbs Act robbery (not a crime of violence) and several valid predicates); *United States v. Runnels*, 833 F.2d 1183, 1189 (6th Cir. 1987) ("[A]ppellate courts have affirmed convictions based on an erroneous instruction where the jury's verdict necessarily demonstrates that it found against the defendants on all the facts necessary to convict on a proper theory or instruction which was also before the jury.").

Petitioner is correct that "[w]hen a jury is instructed that it may convict on one of two legal theories, one erroneous and one proper, the possibility that it could choose to convict on the permissible theory does not necessarily save a general guilty verdict from reversal." *United States v. Kurlemann*, 736 F.3d 439, 449–50 (6th Cir. 2013). However, "such errors are subject to the same type of harmless error analysis as other instructional errors." *Singleton v. United States*, No. 18-6120, 2019 WL 12337921, at *3 (6th Cir. Aug. 14, 2019) (citing *Hedgpeth v. Pulido*, 555 U.S. 57, 61 (2008) (per curiam)).

In the present case, the Court agrees with the Government that it is apparent that the jury found the VICAR murder predicate proven beyond a reasonable doubt at trial because the jury convicted Petitioner of both conspiracy to commit VICAR murder and VICAR murder. (Doc. No. 52 (citing Jury Verdict, Doc. No. 739, Page ID # 3134 in Case No. 3:09-00244)). The Court also notes that the instructions given to the jury required the Government to prove both predicate

5

offenses – conspiracy and murder – in order to find Petitioner guilty of Count 60. (*See* Doc. No. 866, PageID # 5582-86 in 3134 in Case No. 3:09-00244); *see also Battle v. United States*, No. 3:14-CV-01805, 2021 WL 1611917, at *8 (M.D. Tenn. Apr. 26, 2021) (noting that one of Petitioner's co-defendants "concedes that the jury instructions in the underlying criminal case required the Government to prove both predicate offenses – conspiracy and murder – in order for the jury to find him guilty of Count[] … 60, and therefore, only one of the predicates needs to constitute a 'crime of violence.'").

### III. Conclusion

For the reasons set forth above, the Court concludes Petitioner's request for Section 2255 relief should be denied.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE